Ramirez v Global Home Improvements, Inc. (2019 NY Slip Op 03910)





Ramirez v Global Home Improvements, Inc.


2019 NY Slip Op 03910


Decided on May 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 21, 2019

Acosta, P.J., Richter, Manzanet-Daniels, Webber, Kern, JJ.


9351 300321/11

[*1]Luz M. Ramirez, Plaintiff,
v
Global Home Improvements, Inc., et al., Defendants, The City of New York, Defendant-Respondent, El Sol Contracting and Construction Corp., Defendant-Appellant.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick Lawless of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Claibourne Henry of counsel), for respondent.



Order, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered on or about September 11, 2018, which denied defendant El Sol Contracting and Construction Corp.'s motion to renew its motion for summary judgment dismissing the complaint and all cross claims as against it, unanimously affirmed, without costs.
Defendant's submissions on its motion to renew do not constitute "new facts" (CPLR 2221[e][2]; see Tishman Constr. Corp. of N.Y. v City of New York, 280 AD2d 374, 376-377 [1st Dept 2001]). The authenticated photographs merely depict what plaintiff described in her deposition testimony, which was taken before defendant moved for summary judgment (see Cammeby's Equity Holdings LLC v Mariner Health Care, Inc., 106 AD3d 563, 564 [1st Dept 2013]). Nor do the affidavits by defendant's project manager and foreman constitute new facts; they are based on information in defendant's possession. Moreover, defendant failed to provide a reasonable justification for its failure to obtain the photographs and affidavits before moving for summary judgment (CPLR 2221[e][3]); see Sokoli v Quality Carton, 286 AD2d 277 [1st Dept 2001]; see also Gordon v 476 Broadway Realty Corp., 161 AD3d 417, 418 [1st Dept 2018], lv dismissed 32 NY3d 1078 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 21, 2019
DEPUTY CLERK